**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **VICTORIA HILL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:09cv179** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE SELECT GROUP, INC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

*Now Comes* the undersigned Defendant, by counsel, and for its Answer herein states as follows:

## INTRODUCTION

1. The Defendant denies each and every material allegation contained in Paragraph 1 of the Complaint.

## PARTIES

2. The Defendant admits the first sentence of Paragraph 2 of the Complaint. The Defendant denies each and every remaining material allegation contained in Paragraph 2 of the Complaint.

3. The Defendant admits that it is a Virginia corporation. The Defendant denies each and every remaining material allegation contained in Paragraph 3 of the Complaint.

## JURISDICTION

4.  The allegations contained in Paragraph 4 of the Complaint are conclusions of law and require no response. To the extent a response is required, this Defendant denies that the Plaintiff has a cause of action pursuant to 28 U.S.C. §§ 1331 and 1337.

5.  The Defendant admits the allegations contained in Paragraph 5 of the Complaint on information and belief only.

6.  The Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7.  The Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.  In response to Paragraph 8 of the Complaint, the Defendant answers that the Declaration and By-Laws of the Condominium Association speak for itself. The Defendant further responds that the Association retained the Defendant to act as a fiduciary in the collection association dues and to manage the general activities of the Association.

9.  In response to Paragraph 9 of the Complaint, the Defendant answers that the Declaration and By-Laws of the Association speak for themselves.

10. In response to Paragraph 10 of the Complaint, the Defendant answers that the SELECT GROUP is the management company for the Condominium Association. In that capacity, the SELECT GROUP sends statements for current and past association dues to individual unit owners. The SELECT GROUP denies that is a debt collector as defined under the FDCPA.

11. This Defendant denies each and every material allegation contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, the Defendant admits that HILL is behind on her payments to the Condominium Association.  The Defendant has no direct knowledge of why the Plaintiff fell behind in her payments, nor is such information relevant to the Plaintiff's alleged cause of action.

13. The Defendant denies each and every material allegation contained in Paragraph 13 of the Complaint.

14. The Defendant denies each and every material allegation contained in Paragraph 14 of the Complaint.  The Defendant admits the accuracy of the letter attached as Exhibit "1." The Defendant denies that the letter is a "Dunning Letter."

15. In response to Paragraph 15 of the Complaint, the Defendant answers that the letter in question speaks for itself.  The Defendant denies each and every remaining material allegation contained in Paragraph 15 of the Complaint.

16. The Defendant denies each and every material allegation contained in Paragraph 16 of the Complaint.

17. The Defendant denies each and every material allegation contained in Paragraph 17 of the Complaint.  The Defendant further answers that it has been the management company for the Condominium Association for over a decade.  During that timeframe, it has sent letters relating to current and late payments to the Plaintiff.  The SECLECT GROUP sent the first communication relating to the subject payments to the Plaintiff in 2006.

18. In response to Paragraph 18 of the Complaint, the Defendant answers that the letter in question speaks for itself.  The Defendant denies that the letter is governed by the requirements of the FDCPA.

19. The Defendant denies each and every material allegation contained in Paragraph 19 of the Complaint.

20. The Defendant denies each and every material allegation contained in Paragraph 20 of the Complaint.

21. The Defendant denies each and every material allegation contained in Paragraph 21 of the Complaint.

22. The Defendant denies each and every material allegation contained in Paragraph 22 of the Complaint.

## CLASS ACTION ALLEGATIONS

23. The Defendant repeats, re-alleges, and incorporates by reference each and every answer contained in Paragraphs 1 through 22 herein.

24. In response to Paragraph 24 of the Complaint, the Defendant denies that any such class exists.  The Defendant further denies that its actions are covered by the FDCPA.

25. The Defendant denies each and every material allegation contained in Paragraph 25 of the Complaint.  In addition, the Defendant responds that the Plaintiff has failed to present any evidence which would suggest a reasonable estimate of the number of class members.  The Plaintiff has provided nothing more than speculation, bare allegations, and unsupported conclusions about the nature of the proposed class.

26. The Defendant denies each and every material allegation contained in Paragraph 26 of the Complaint.

27. The Defendant denies each and every material allegation contained in Paragraph 27 of the Complaint.

28. The Defendant denies each and every material allegation contained in Paragraph 28 of the Complaint.  In addition, the Defendant denies that HILL is representative of any class to which the Defendant has sent letters in the past.

29. The Defendant denies each and every material allegation contained in Paragraph 29 of the Complaint.

30. The Defendant denies each and every material allegation contained in Paragraph 30 of the Complaint.

31. The Defendant denies each and every material allegation contained in Paragraph 31 of the Complaint.

## FIRST DEFENSE

32. The Defendant repeats, re-alleges, and incorporates by reference each and every answer contained in Paragraphs 1 through 31 herein.

33. The Defendant denies each and every material allegation contained in Paragraph 33 of the Complaint.

34. The Defendant denies each and every material allegation contained in Paragraph 34 of the Complaint.

35. The Defendant denies each and every material allegation contained in Paragraph 35 of the Complaint.

36. The Defendant denies each and every material allegation contained in Paragraph 36 of the Complaint.

## SECOND DEFENSE

37. The Defendant repeats, re-alleges, and incorporates by reference each and every answer contained in Paragraphs 1 through 36 herein.

38. The Defendant denies each and every material allegation contained in Paragraph 38 of the Complaint.

39. The Defendant denies each and every material allegation contained in Paragraph 39 of the Complaint.

40. The Defendant denies each and every material allegation contained in Paragraph 40 of the Complaint.

41. The Defendant denies each and every material allegation contained in Paragraph 41 of the Complaint.

## ADDITIONAL DEFENSES

42. The Defendant affirmatively alleges that it has been the management company for the subject Condominium Association since the late 1990s.  The first letter relating to the Plaintiff's current financial obligations to the Condominium Association was sent to the Plaintiff on July 18, 2006.  See attached copy of letter dated July 18, 2006.

43. The Defendant affirmative alleges that the Plaintiff's cause of action, if any, is barred by the applicable period of limitations enumerated in 15 U.S.C. § 1692 (k).

44. The Defendant affirmatively alleges that its activities on behalf of the Condominium Association are excluded from the FDCPA under § 1692a(6)(F).

45. The Defendant affirmatively alleges that all actions performed on behalf of the Condominium Association were taken incidental to a bona fide fiduciary obligation and/or a bona fide escrow arrangement with the Condominium Association.  The Plaintiff's actions are therefore exempt from inclusion under the FDCPA pursuant to 15 U.S.C. § 1692a(6)(F)(i).

46. The Defendant affirmatively alleges that any and all debts running from the Plaintiff to the Condominium Association were not in default at the time the Defendant became responsible for the collection of same.  The actions of the Defendant are therefore not covered by the FDCPA pursuant to 15 U.S.C. § 1692a(6)(F)(iii).

47. To the extent not previously addressed herein, the Defendant denies each and every material allegations contained in the Complaint.

48. The Defendant reserves the right to rely upon any other defenses that may become known to it up to and including trial and to amend or alter this Answer at any time it may be so advised.

THE SELECT GROUP INC.

BY: _____/s/_____
    Todd M. Fiorella, Esquire
    Virginia State Bar No. 30238
    Attorney for Defendant
    Fraim & Fiorella, P.C.
    150 Boush Street, Suite 601
    Norfolk, Virginia 23510
    Telephone:  (757) 227-5900
    Fax:  (757) 227-5901
    tmfiorella@ff-legal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of May 2009, I will electronically file the foregoing Answer with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Jason C. Roper, Esquire
VSB # 45814
Attorney for Plaintiff
McKenry, Dancigers, Dawson & Lake, P.C.
192 Ballard Court, Suite 400
Telephone:  (757) 461-2500
Fax:  (757) 461-2341
jcroper@va-law.org

_____ /s/ _____

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for Defendant
Fraim & Fiorella, P.C.
150 Boush Street, Suite 601
Norfolk, Virginia 23510
Telephone:  (757) 227-5900
Fax:  (757) 227-5901
tmfiorella@ff-legal.com
