**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|                                  |   |                        |
|----------------------------------|---|------------------------|
| **VICTORIA HILL,**               ) |                        |
|                                  ) |                        |
|     **Plaintiff,**               ) |                        |
|                                  ) |                        |
|     v.                           ) | **CIVIL NO. 3:09cv179** |
|                                  ) |                        |
| **SELECT GROUP, INC.**           ) |                        |
|                                  ) |                        |
|     **Defendant.**               ) |                        |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Victoria Hill's Motion to Amend her Complaint (Docket No. 9.)  The parties having fully briefed the issue, the Court concludes that oral argument would not be of additional assistance in the decisional process.  For the reasons set forth herein, the motion will be GRANTED.

### I. FACTS

On June 1, 2009, Plaintiff submitted a Motion to Amend the Complaint in order to seek class certification for two sub-classes. (Pl.'s Mem. in Supp. Mot. to Amend Compl. "Pl.'s Mem." at 2.)  Plaintiff's initial Class Complaint sought certification for the following two sub classes:

  (1)   Each Class Member that received an initial or first dunning letter from Select Group that did not contain the mandatory disclosures provided by § § 1692e11 and 1692g of the FDPA.

  (2)   Each Class member that received a dunning letter from Select Group that did not contain the mandatory disclosure required by § § 1692e11 and 1692f of the FDCPA.

(Compl. ¶ 24; Pl.'s Mem. at 3-3.)  On May 26, 2009, Defendant The Select Group, Inc. ("Select Group") filed its Answer to Plaintiff's initial Complaint. (docket entry no. 7) Attached to Select

Group's Answer was a July 18, 2006 letter from Defendant to Plaintiff that discussed the debt at issue. (Def.'s Ex. 1.) Upon reviewing the July 18, 2006 letter, Plaintiff confirmed that Defendant did "not violate all of the mandatory disclosures required by §§ 1692e11 and 1692f of the FDCPA." (Pl.'s Mem. at 3.) As a result, Plaintiff submitted her motion to amend in order to seek classification on the flowing two revised subclasses:

> All Natural persons residing in the United States who received a dunning letter from Select Group within one year of the filing of this Class Complaint and who are also members of one or both of the following subclasses:
>
> a. Each Class member that received an initial or first dunning letter from Select Group that did not contain the mandatory disclosures provided by §§ 1192e11 and 1692f of the FDCPA because they did not:
>
>> 1. Contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid.
>>
>> 2. Contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the dispute in debt, or any portion thereof, is disputed, the debt collector will obtain verification thereof; and
>>
>> 3. Contain a state that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consume with the name and address of the original creditor, if different from the current creditor; or
>
> b. Each Class member that received a dunning letter from Select Group that did not contain the mandatory disclosure required by §§ 1692e11 and 1692f of the FDCPA stating that the "communication is from a debt collector."

(Pl.'s Mem. at 4.)

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff asserts that the motion to amend should be granted. (Pl.'s Mem. at 1.) Specifically, Plaintiff argues that "there is no reason

for the Court" to deny the amendment of the complaint when neither discovery nor a Fed. R. Civ. P. 16(b) Scheduling Conference has yet taken place. (Pl.'s Mem. at 5.)

Defendant asserts in response that the motion to amend would be futile because "the amended complaint could not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." (Def.'s Mem. in Opp. Mot. to Amend Compl. "Def.'s Mem." 3-4.) In support of its position, Defendant argues that the Fair Debt Collection Practices Act ("FDCPA") does not apply to Select Group because it is not a "debt collector" that obtained a debt before it was in default pursuant to 15 U.S.C.S. 1692a(6)(F)(iii) as required for it to be classified as a debt collector subject to the FDCPA. (Def.'s Mem. at 4.) Instead, Defendant identifies Select Group as a "property management company." (Def.'s Mem. at 5.)

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "as a matter of course" before a responsive pleading has been filed. However, after a responsive pleading has been filed, as here, a party can amend its complaint "only with the opposing party's written consent or the court's leave." Id.  Moreover, a court shall grant leave to amend "freely…when justice so requires." Id. The Supreme Court has taken a liberal construction of the term "freely" by holding that leave should be granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[1] Foman v. Davis, 371 U.S. 178, 182 (1962); See Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). "If the

---

[1] The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 317 U.S. at 182; See Davis, 615 F.2d at 613. Under Foman, prejudice to the opposing party alone is sufficient to deny amendment of a complaint, whereas absence of prejudice "will normally warrant granting leave to amend." Davis, 615 at 613 (citations omitted); See Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496 (4th Cir. 1987).

Moreover, the potential merits of a claim should not be considered when deciding whether to allow amendment to a complaint unless the proposed amendment can "clearly be seen to be futile because of substantive or procedural considerations." Davis, 615 F.2d at 613 (citation omitted) (footnote omitted); Fletcher v. Tidewater Builders Ass'n Inc., 216 F.R.D. 584, 588 (E.D. Va. 2003). The court should deny a motion to amend on the basis of futility only if the "proposed amendment is clearly insufficient or frivolous on its face," or if it could "not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Johnson, 785 F.2d at 510; Cappetta v. GC Servs. Ltd. P'ship, No. 3:08CV288, 2009 WL 482474, at *4 (E.D. Va. Feb. 24, 2009) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)); Cominelli v. Rector and Visitors of the Univer. of Va., 589 F.Supp.2d 706, 712 (W.D. Va. 2008) (citations omitted). In Dozier v. Parker, the plaintiff's amended complaint was deemed futile because it lacked "factual allegations sufficient to state a claim for relief." No. 3:09-CV-19, 2009 WL 1147916, *4 (E.D. Va. April 28, 2009). Pursuant to the so-called Twombly standard, the statements in the complaint were insufficient because they were based purely on personal opinion, and therefore would not "withstand a motion to dismiss under the requirements of Rule 8 and Twombly."[2] Id. at 5.

---

[2] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Although a change in theory of recovery by a plaintiff may result in prejudice to a defendant, it is not sufficient alone to deny an amendment to a complaint unless there is a showing of prejudice, bad faith, futility, dilatoriness, or is "otherwise contrary to the interest of justice." Ward, 819 F.2d at 497. (citations omitted) For example, the Ward Court found that a change in the theory of recovery was not sufficient under Foman and Davis to deny leave to amend when there was no evidence of bad faith, it did not prolong litigation, and discovery had only progressed for a month and a half. Id. Similarly, courts are more likely to allow amendment of the complaint if the defendant was already on notice of the plaintiff's claims, thereby failing to present a "radical change in Plaintiff's theory of the case." Id.; Capetta, 2009 WL 482474, at *2.

In an order to preclude dismissal of a complaint pursuant to 12(b)(6), the complaint does not need "detailed factual allegations," but only those facts necessary to state a plausible claim of relief based on "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted); Cominelli, 589 F.Supp.2d at 712; Capetta, 2009 WL 482474, at *4; Dozier, 2009 WL 1147916, at *3. However, in order for a complaint to state a claim upon which relief can be granted, the factual allegations must more than "speculative." Twombly, 550 U.S. at 555; See Cominelli, 589 F.Supp.2d at 715.

Defendant argues that Plaintiff cannot state a claim for relief because Select Group does not fall within the definition of a "debt collector" under 15 U.S.C.S. 1692a(6)(F)(iii).[3] (Def.'s Mem. at 4-5.) Specifically, Defendant contends it is "a property management company, not a law firm or collections agency." (Def.'s Mem. at 5.) The motion therefore concerns Defendant's

---

[3] 15 U.S.C.S. 1692a(6)(F)(iii) provides that the term of "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity…concerns a debt which was not in default at the time it was obtained by such person."

status under the FDCPA, and not potential class certification. See Capetta, 2009 WL 482474, at *4-5. Thus, only the standards dictated by Fed. R. Civ. P. 15(a) and the FDCPA are applicable. Under the FDCPA, the term "debt collector" is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Given the definition of "debt collector," the evidence provided at this stage is insufficient to support a denial of Plaintiff's motion to amend the Complaint. In a preliminary review of the applicable case law, while only lawyers[4] and creditors[5] are readily identified as a class whose status is categorized under the FDCPA, and Defendant is neither a lawyer nor a creditor, reliance on the exhibits, along with the allegations in the original Class Complaint and Answer, are nevertheless insufficient in determining whether Defendant is, in fact, a "debt collector."[6]

Under Foman, Plaintiff should be able to test her claim on the merits where there is no futility in granting the Motion to Amend the Complaint. This is not a situation where it is

---

[4] Heintz v. Jenkins, 514 U.S. 291, 293 (1995) (applying the FDCPA to "lawyers engaged in litigation").

[5] Abbott v. SunTrust Mortg., Inc., No. 3:08cv665, 2009 WL 127858, *4 (E.D. Va. 2009 Jan. 15, 2009) (holding that creditors are not "debt collectors" under the FDCPA).

[6] Both a letter sent from Select Group to Hill dated May 21, 2008 l (Pl.'s Ex. 2) and a letter sent form Select Group to Hill dated July 18, 2006. (Pl.'s Ex. 1) state that Hill has an amount due to Rudee Villas.

obvious that the claim could not withstand a motion to dismiss.[7] Therefore, the proposed amendment is not clearly insufficient to state a claim on which relief can be granted under Rule 12(b)(6). In addition, courts are likely to grant amendment of a complaint when, as here, discovery by the parties has not been completed. Laber, 438 F.3d at 428; Capetta, 2009 WL 482474 at *6; Ward, 819 F.2d at 497; Steinburg v. Chesterfield County Planning Comm'n, 527 F.3d 377, 390-91 (4th Cir. 2008) (holding that district court did not abuse its discretion in denying amendment of the complaint because discovery was fully completed). The lack of discovery here, in conjunction with the fact that the proposed amendment does not "radically change" the theory of the case, demonstrates that the amendment is not futile, and does not, thereby, unduly prejudice the Defendant.

Defendant also asserts that Plaintiff's motion to amend the class complaint should be denied because Plaintiff should not be permitted to maintain a class action in violation of the FDCPA "when she was formerly involved with and was aware of [Select Group's] collection activities on behalf of Rudee Villas." (Def.'s Mem. at 2.) In support of this contention, Defendant submitted a Memorandum of Minutes from a Rudee Villas Board of Director's Meeting with the signature of Plaintiff as President of the Board of Directors. (Def.'s Ex. A.) Defendant also submitted a letter dated June 11, 2003, signed by Rudee Villas, from Select Group, stating that Plaintiff had been elected to the Board of Directors. (Def.'s Ex. B.) However, Defendant cites no case authority or FDCPA Rule to support the argument that Plaintiff's prior business relationship with the Defendant, or knowledge of the collection activities of Defendant, would prevent Plaintiff from bringing a FDCPA claim. In addition, upon review of the FDCPA

---

[7] Dozier, 2009 WL 1147916, at *4 (denying leave to amend for plaintiff's unsupported allegations based solely on opinion); Johnson, 785 F.2d at 510 (allowing leave to amend where it involved a plausible question of whether the Connecticut Act applied to Maryland conflict-of-law principles).

and applicable case law, there is no indication that a prior business relationship between a plaintiff and a defendant bars a claim under the FDCPA. Therefore, for all these reasons, and pursuant to the standard set forth in Fed. R. Civ. P. 15(a), Plaintiff's Motion to Amend the Complaint shall be GRANTED.

An appropriate order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: July 23, 2009